THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**WONDERSHARE TECHNOLOGY GROUP CO LTD,**<br><br>Defendant. | CIVIL ACTION NO. 2:24-cv-00046<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff files this complaint for patent infringement against defendant and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant Wondershare Technology Group Co Ltd. is a foreign entity to the State of Texas.

3. Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## PATENT FAMILY

4. Display Technologies is the owner of U.S. Patent Numbers 9,300,723 and 8,671,195.

5. The '723 Patent claims priority to a Continuation-in-Part of U.S. application Serial No. 11/999,570, filed on Dec. 7, 2007, which is incorporated by reference in its entirety to the '723 patent specification.

6. According to Google Patents, the '723 Patent has an anticipated expiration date of no earlier than January 8, 2029. *See* website page, as last visited on January 24, 2029, at https://patents.google.com/patent/US9300723B2/en?oq=9%2c300%2c723.

7. The examiner performed a thorough examination that included searching in eleven categories, including these:

    a. "**H04W4/80** Services using short range communication, e.g. near-field communication [NFC], radio-frequency identification [RFID] or low energy communication."

    b. "**H04W12/086** Access security using security domains"

    c. "**H04W12/08** Access security,"

    d. "**H04M1/72412** User interfaces specially adapted for cordless or mobile telephones with means for local support of applications that increase the functionality by interfacing with external accessories using two-way short-range wireless interfaces,"

    e. "**H04M1/724098** Interfacing with an on-board device of a vehicle,"

    f. "**H04L67/06** Protocols specially adapted for file transfer, e.g. file transfer protocol [FTP],"

    g. "**H04L65/75** Media network packet handling,"

    h. "**H04L63/20** Network architectures or network communication protocols for network security for managing network security; network security policies in general,"

    i. "**H04L63/10** Network architectures or network communication protocols for network security for controlling access to devices or network resources,"

    j. "**H04L63/0209** Architectural arrangements, e.g. perimeter networks or demilitarized zones,"

k. "**H04B1/3822** Transceivers, i.e. devices in which transmitter and receiver form a structural unit and in which at least one part is used for functions of transmitting and receiving specially adapted for use in vehicles."

8. The '723 Patent is cited by large electronic suppliers, including Sony Mobile Communications, Inc. in its publication US20160337303A1, titled "Method and system for approving or disapproving connection requests."

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

9. Plaintiff incorporates above paragraphs herein by reference.

10. The '723 Patent does not expire under January 8, 2029.

11. This cause of action arises under the patent laws of the United States, Title 35 U.S.C. §§ 271, *et seq*.

12. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

13. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as **Exhibit A**.

14. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15. Defendant has infringed and continues to infringe one or more claims, including at least Claim 22 of the '723 Patent by making, using, and/or selling its Accused Instrumentality.



*Figure 1* - Source: https://mobiletrans.wondershare.com/app/phone-to-phone-transfer-app.html, as last visited on January 24, 2024.

16. Defendant Wondershare performs and/or induces others to perform a method of transferring a media file from a wireless mobile device to a media system over a communication network, the media system including a security measure ("Accused Functionality").

17. Defendant's MobileTrans App, the Accused Instrumentality, provida a data transfer application installed on both Android phone and iPhone. As an example, the MobileTrans App utilizes a wireless internet connection ("communication network") that allows the iPhone ("wireless mobile device") to send files ("transferring a media file") to the Android phone ("media system").



*Figure 2* – Source: https://www.youtube.com/watch?v=WuBk-YjJll4, at 0:07, as last visited on January 24, 2024.

18.     Furthermore, the Android phone and the iPhone do not require users to input the email and the password every time they communicate. Instead, the email and password input are necessary ("security measure") during the initial connection process, and thereafter, the devices automatically exchange data without requiring users to re-enter the email and password. Additional description is of infringement is contained in **Exhibit B.**

19.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

20.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

21.     Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

22.     Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c)     Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

| | |
|---|---|
| Dated:  January 25, 2024 | Respectfully Submitted,<br><br>*/s/ Randall T. Garteiser*<br>Randall Garteiser<br>   Texas Bar No. 24038912<br>   rgarteiser@ghiplaw.com<br>Christopher A. Honea<br>   Texas Bar No. 24059967<br>   chonea@ghiplaw.com<br>M. Scott Fuller<br>   Texas Bar No. 24036607<br>   rgarteiser@ghiplaw.com<br><br>**GARTEISER HONEA, PLLC**<br>119 W. Ferguson Street<br>Tyler, Texas 75702<br>Telephone: (903) 705-7420<br>Facsimile: (903) 405-3999<br><br>**COUNSEL FOR PLAINTIFF** |