UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>WONDERSHARE TECHNOLOGY GROUP CO LTD,<br><br>       Defendant. | CIVIL ACTION NO. 2:24-cv-00046 |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS UNDER FED. R. CIV. P. 12(B)(5)

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendant Wondershare Technology Group Co. Ltd. ("Defendant" or "Wondershare"), respectfully moves to dismiss Plaintiff Display Technologies, LLC's ("Plaintiff") Complaint for insufficient service of process or, alternatively, quash service.

Wondershare is a Chinese company headquartered in Shenzhen, China. *See* Ex. A, Declaration of Meifeng Li ("Li Decl."), ¶ 3. Wondershare has no registered agent for service of process in the United States. *Id*., ¶ 6. Plaintiff allegedly served Wondershare by delivering a copy of the summons and complaint in this action to Corporation Service Company ("CSC") in Austin, Texas. *See* Dkt. No. 4. CSC is not, and has never been, a registered agent for Wondershare. Li Decl., ¶ 5. Not only is this alleged service ineffective, Plaintiff's affidavit of service is false.

What is troubling is that Plaintiff should have known that Wondershare had not been properly served. CSC sent Plaintiff's counsel a letter rejecting the attempted service of process because Wondershare was not "qualified to do business" in Texas. *See* Ex. B. Rule 4 requires a copy of the

1

summons and complaint to be served on the defendant *or an agent authorized by appointment or by law to receive service of process* on behalf of the defendant. FED. R. CIV. P. 4(h)(1)(b) (emphasis added). The summons and complaint were not served on Wondershare in China, and CSC is not an agent authorized by appointment to receive process on behalf of Wondershare. Because service is insufficient, the Complaint must be dismissed. Considering the serious false representation by Plaintiff in the affidavit of service, Wondershare respectfully requests a dismissal with prejudice.

### I.      LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(5) for insufficient service of process. FED. R. CIV. P. 12(b)(5). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). In considering a motion to dismiss under Rule 12(b)(5), a court may look to affidavits and other documentary evidence presented with the motion. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2022). The court has discretion to dismiss the case or to quash service. *George v. U.S. Dept. of Labor, Occupational Safety and Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Rule 4 requires a copy of the summons and complaint to be delivered to an officer, a managing or general agent, *or any other agent authorized by appointment or by law to receive service of process*. FED. R. CIV. P. 4(h)(1)(b) (emphasis added). Moreover, service of process on a foreign corporation must be performed "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Rule 4(f) permits service in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," among other methods. FED. R. CIV. P. 4(f).

## II. ARGUMENT

### A. Improper Attempt at Service

Plaintiff filed the Complaint on January 25, 2024, and a summons was issued on January 26, 2024. *See* Dkt. Nos. 1 and 3. On January 29, 2024, Plaintiff's process server delivered a copy of the summons and complaint to CSC's office in Austin, Texas. Dkt. 4. Two days later, on January 31, 2024, CSC sent a "Rejection of Service of Process" to Plaintiff's counsel. Ex. B. The Rejection of Service of Process stated:

> "The service of process received for the party served, as listed above, cannot be forwarded to the intended party for the reason listed below:
>
> According to the Secretary of State or other appropriate state agency, the party served is not qualified to do business in the jurisdiction served. CSC is only authorized to receive service of process on behalf of entities that specifically name it as registered/statutory agent within the jurisdiction where service of process occurs. Please review the records at the Secretary of State or other appropriate state agency to identify the proper name within the jurisdiction for the entity you are trying to serve."

*Id*. at 1.

Wondershare is not "qualified to do business" in Texas and has no registered agent for service of process in the United States. Li Decl. ¶¶ 4-6. Wondershare has never engaged CSC to act as an authorized agent for service of process in the United States. *Id*., ¶ 5. Thus, Plaintiff has not served anyone who has been authorized to accept service on Wondershare's behalf and service is ineffective.

### B. Misrepresentation in Affidavit of Service

As discussed above, CSC made a clear and explicit rejection of Plaintiff's attempted service on Wondershare. CPC sent this rejection to Plaintiff's counsel on January 31, 2024, only 2 days after the attempted service. Despite this rejection, on February 12, 2024, Plaintiff filed an affidavit of service in the case. *See* Dkt. 4. This affidavit misrepresented to the Court that CPC was the registered agent for Wondershare and that Wondershare had been served. *Id*.

When an attorney presents a pleading or paper to the court, by whether by signing, filing, submitting, or later advocating it, the attorney is certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…the factual contentions have evidentiary support." FED. R. CIV. P. 11(b)(3). Plaintiff's counsel filed the affidavit of service with the court, thereby representing to the Court that the affidavit was accurate and truthful when it was not. The CSC letter evidences that Plaintiff's counsel did know, or should have known, that Wondershare had not been served. In filing the affidavit of service, Plaintiff's counsel violated Rule 11 and their duty of candor to this Court.

Plaintiff and its counsel's misrepresentations should not be rewarded by simply quashing the service. Wondershare has incurred attorney's fees in challenging Plaintiff's false statements. Those misrepresentations are of such serious nature as to warrant dismissal of the Complaint *with prejudice*, or, if the Court is inclined to quash service, Wondershare should be awarded its fees for this motion.

### III.   CONCLUSION

Based on the foregoing reasons, Wondershare respectfully requests that this Court dismiss the Complaint with prejudice.

Dated: March 21, 2024

Respectfully submitted,

/s/ *Darlene F. Ghavimi*
Darlene F. Ghavimi
TX Bar No. 24072114
K&L GATES LLP
2801 Via Fortuna, Suite #650
Austin, Texas 78746
(512) 482-6919
darlene.ghavimi@klgates.com

*Attorney for Defendant Wondershare Technology Group Co. Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically via the Court's CM/ECF filing system. Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 21st day of March, 2024.

/s/ *Darlene F. Ghavimi*
Darlene F. Ghavimi